IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT RUSH, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 18-136 |
| | ) | |
| RICE ENERGY, | ) | |
|       Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Rush, brings this employment discrimination action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), against the Defendant, Rice Energy. He alleges that Defendant discriminated against him on the basis of his age when it terminated him from his position as a Senior Construction Foreman on August 25, 2016.

Presently pending before the Court for disposition is Defendant's motion to dismiss. Plaintiff has filed a brief in opposition and Defendant has filed a reply brief. For the reasons that follow, the motion will be denied.

Facts

Plaintiff was hired on December 1, 2016 [sic] as a Senior Construction Foreman. Plaintiff's boss, Mark Wainwright, consistently told Plaintiff to keep quiet during meeting and not to offer his opinion or suggestions. During Plaintiff's evaluations, Wainwright discredited Plaintiff's ideas about cost cutting and improvements. (Compl. ¶¶ 8-10.)[1]

When Plaintiff was hired, he was told that he would receive training on Defendant's policies and procedures. Once Plaintiff was hired, he did not receive any training nor was he allowed to attend meeting where the policies were discussed. Employees that were younger than

---

[1] ECF No. 1. Presumably, this is a typographical error in the Complaint (and the EEOC charge) because he was terminated on August 25, 2016.

Plaintiff received training on Defendant's policies and were allowed to attend meetings where Defendant's policies were discussed. (Compl. ¶¶ 11-13.)

Plaintiff, along with several of Defendant's employees, attended two (2) classes to obtain certification to operate various pieces of equipment. At no time during the classes were the employees and Plaintiff instructed not to operate the equipment. Younger employees that were similarly situated as Plaintiff routinely operated the equipment. (Compl. ¶¶ 14-16.)

On August 19, 2016, a subcontractor was ineffectively operating a piece of equipment. Plaintiff requested that the subcontractor cease operating and Plaintiff took over operating the piece of equipment. When Plaintiff was done operating the piece of the equipment, the subcontractor alleged that Plaintiff bumped a pipe and almost hit one of the subcontractor's welders. Shortly thereafter, Wainwright telephoned Plaintiff and ordered that the job site be shut down. Wainwright told Plaintiff that he would speak to Plaintiff in more detail on the following Monday. (Compl. ¶¶ 17-21.)

On Monday, August 22, 2016, Wainwright and Plaintiff met, but Wainwright did not discuss the job site shut down. On Tuesday, August 23, 2016, Vice President John Guoynes called Plaintiff into his office to discuss the job site shut down. After Plaintiff told Guoynes what happened, Guoynes told Plaintiff that he violated company policy, however he did not provide any details. Plaintiff asked if he was terminated and Guoynes stated he was not terminated. (Compl. ¶¶ 22-25.)

On Wednesday, August 24, 2016, Michael Lauderbaugh, Head of Safety, and Ms. Curigliano[2] called Plaintiff on his cell phone and accused him of violating a company policy that prohibited Defendant's employees from operating equipment. However, Lauderbaugh stated that

---

[2] This individual is not identified in the Complaint.

the safety inspection that had been conducted did not find that the pipe or any personnel were hit during the incident. Plaintiff asked several questions about other employees operating equipment, but Lauderbaugh did not respond. On August 25, 2016, Plaintiff was terminated. (Compl. ¶¶ 26-29.)

Procedural History

Plaintiff filed this action on January 31, 2018. Count I (the only claim) alleges that Defendant discriminated against him on the basis of his age in violation of the ADEA when it excluded him from training that was provided to younger employees, precluded him from operating equipment that younger employees were allowed to operate and ultimately terminated him for allegedly abandoning his position. Federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the ADEA, 29 U.S.C. § 623.

On March 14, 2018, Defendant filed a motion to dismiss (ECF No. 7), to which Plaintiff responded on April 4, 2018 (ECF No. 15). On April 9, 2018, Defendant filed a reply brief (ECF No. 17).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual

allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. The Court of Appeals has summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Defendant contends that Plaintiff's claim fails because he effectively concedes that he was terminated for a legitimate, non-discriminatory reason—namely his violation of a policy that prohibited employees from operating equipment that they were not authorized to operate. Plaintiff responds that he has properly stated a claim for age discrimination because he has alleged that he did not receive training that younger employees received, he was not allowed to attend certain meetings that younger employees were allowed to attend and he was not permitted to operate certain pieces of equipment that younger employees were permitted to operate. Further, Plaintiff argues that he does not have to demonstrate that he was replaced by a younger employee in order to maintain a claim for age discrimination.

In its reply brief, Defendant argues that Plaintiff merely suggests that he might be able to uncover some evidence to support his claim of age discrimination, but since he acknowledges

4

that he was operating equipment without authorization, he cannot demonstrate that his age was a "but-for" cause and it fails as a matter of law.

The ADEA provides that it is an unlawful employment practice for an employer to discharge or discriminate against any individual because of such individual's age if that individual is over 40. 29 U.S.C. §§ 623(a), 631(a). In the absence of direct evidence of discrimination, a plaintiff may establish a prima facie case of discrimination indirectly following the shifting burden analysis set forth by the Supreme Court in McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir. 1987) (en banc).

As the Court of Appeals for the Third Circuit has stated:

> The existence of a prima facie case of employment discrimination is a question of law that must be decided by the Court. It requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action...

Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (footnote and citations omitted).

The Court of Appeals has indicated that, to state a prima facie case of age discrimination in a termination case, a plaintiff must establish that she was at least 40 years of age, that she was qualified for the position, that she suffered an adverse employment decision and that she was replaced by a sufficiently younger person to create an inference of age discrimination. Showalter v. University of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir. 1999) (citation omitted). In a scenario in which the plaintiff is not replaced by a younger employee, "the fourth element is satisfied if the plaintiff can provide facts which if otherwise unexplained are more likely than not based on the consideration of impermissible factors." Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015).

5

If the employee presents a prima facie case of discrimination, the employer must "articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." McDonnell Douglas, 411 U.S. at 802. If the employer specifies a reason for its action, the employee must have an opportunity to prove the employer's reason for the adverse employment action was a pretext for unlawful discrimination. Id. at 804. The Court of Appeals has stated that:

> [T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder to reasonably infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).

Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted).

With respect to the ADEA, the Supreme Court has held that shifting the burden of persuasion is improper because the plain language of the statute requires the plaintiff to prove that the defendant took the action "because of the plaintiff's age." Gross v. FBL Financial Servs., 557 U.S. 167 (2009). Nevertheless, the Court of Appeals has held that Gross "does not forbid our adherence to precedent applying McDonnell Douglas to age discrimination cases" because McDonnell Douglas does not require shifting the burden of persuasion, but only the burden of production. Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009). Nevertheless, and unlike a case brought under Title VII, "in order to demonstrate pretext under Fuentes, it is incumbent upon the plaintiff to demonstrate that age was a determinative or 'the "but-for" cause of an employer's adverse decision;' it is not sufficient to simply show that age was 'a motivating factor.'" Hodczak v. Latrobe Specialty Steel Co., 761 F. Supp. 2d 261, 268 (W.D. Pa. 2010) (McVerry, J.) (quoting Gross, 557 U.S. at 174), aff'd mem., 451 Fed. Appx. 238 (3d Cir. 2011).

6

Failure to State a Prima Facie Case of Discrimination

Defendant argues that Plaintiff's claim under the ADEA fails to state a prima facie case of age discrimination because he concedes that he was terminated for a legitimate, non-discriminatory reason: operating equipment without authorization. Plaintiff responds that Defendant's failure to train him to properly operate machinery, when such training was provided to younger employees, is sufficient to state a prima facie case of age discrimination.

As an initial matter, it must be noted that the shifting-burden framework cited above is not applicable when a motion to dismiss has been filed. Indeed, the Supreme Court has held that a plaintiff alleging a claim of employment discrimination need not plead "specific facts" establishing the elements of a prima facie case, as would be required in response to a motion for summary judgment or at trial. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) (establishing a prima facie case is an "evidentiary standard, not a pleading requirement."). In Twombly, the Court cited Swierkiewicz without distinguishing it and rejected the plaintiffs' contention that it "ran counter" to Twombly's plausibility standard. 550 U.S. at 569-70.

Defendant cites several district court cases that have granted motions to dismiss for failure to state a prima facie case of discrimination. Magerr v. City of Phila., 2016 WL 1404156, at *8 (E.D. Pa. Apr. 11, 2016); Boone v. Pennsylvania S.E. Transp. Auth., 2014 WL 6861581, at *4 (E.D. Pa. Dec. 5, 2014); Barthold v. Briarleaf Nursing & Convalescent Ctr., 2014 WL 2921534, at *3 (E.D. Pa. June 27, 2014). With all due respect to these courts, they did not distinguish between motions to dismiss and motions for summary judgment and they relied on (unpublished) cases from the Third Circuit that granted motions for summary judgment. Boone relied on Wooler v. Citizens Bank, 274 F. App'x 177, 180-81 (3d Cir. 2008). Magerr relied on Greene v. Virgin Island Water & Power Authority, 557 F. App'x 189, 195 (3d Cir. 2014). And

7

Barthold relied on Wimbush v. UPMC Health System, 97 F. App'x 397, 398 (3d Cir. 2004). Thus, Defendant has not cited any authority for its ultimate conclusion that Plaintiff cannot state a claim for age discrimination under these circumstances.

In addition, Plaintiff has not "effectively conceded" that he was terminated for operating equipment without authorization. Rather, he has alleged that: he was never told that he could not operate certain equipment; that he was informed that he had been accused of bumping a pipe and almost hitting a welder but that these incidents could not be confirmed; and that he was terminated for allegedly using equipment without authorization after having been told that he was not terminated. Thus, Defendant's contention that Plaintiff has conceded its legitimate, non-discriminatory reason for his termination is not consistent with the allegations of the Complaint.

Moreover, Plaintiff contends that "a company's failure to train can constitute an adverse employment decision as part of a plaintiff's prima facie case for discrimination." Weirich v. Horst Realty Co., LLC, 2009 WL 838532, at *15 (E.D. Pa. Mar. 26, 2009) (citing Miller v. Berry Metal Co., 80 F. App'x 245, 247 (3d Cir. 2003)).

Defendant cites a case in which the court rejected a failure to train claim, but in doing so, it noted that the plaintiff "ha[d] not shown, first, that she received less training than any other employee, and second, how any such lack of training adversely affected her career advancement." Priest v. Felcor Lodging Trust, Inc., 2006 WL 2709386, at *5 n.1 (W.D. Pa. Sept. 20, 2006). It also cites Burgess-Walls v. Brown, 2011 WL 3702458, at *5 (E.D. Pa. Aug. 22, 2011), for the proposition that: "Denial of training is sufficiently severe as to alter the terms of a plaintiff's employment or deprive a plaintiff of employment opportunities where training is necessary for career advancement." In this case, Plaintiff has alleged that he received less training than younger employees (which is all he is required to do at this stage of the

proceedings) and that the lack of such training led to his termination when Defendant concluded that he had operated a piece of equipment that he had not been trained to operate, a result that would not have occurred with respect to younger employees who were trained to operate the equipment.

Plaintiff's complaint alleges all that is necessary for his claim of ADEA discrimination at this stage of the proceedings. Therefore, the motion to dismiss will be denied

An appropriate order follows.

## ORDER

AND NOW, this 1st day of May, 2018,

IT IS HEREBY ORDERED that the motion to dismiss filed by the Defendant (ECF No. 7) is denied.

IT IS FURTHER ORDERED that the Defendant file an answer to the Complaint by May 15, 2018.

s/Robert C. Mitchell  
ROBERT C. MITCHELL  
United States Magistrate Judge